IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO J. CASTANEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-021-Z-BR |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO GRANT MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by some Defendants, all of whom are represented by the Attorney General of Texas.[1] (ECF 32). Plaintiff has filed a Response to the Motion. (ECF 38).

Plaintiff, as the instigating party, bears the burden of presenting such facts as would establish jurisdiction. *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271 (5th Cir. 2021). This includes attributing specific acts to specific defendants that satisfy each essential element of any cause of action asserted. *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 431 (E.D. La. Aug. 13, 2020). Importantly, the attributions must rise above the speculative level and state a plausible claim for relief. *Id.*

Over the course of a lengthy handwritten Response, (ECF 38), and Amended Complaint, (ECF 29), Plaintiff fails to traverse beyond bald assertions. Instead, he alleges, at length, a vast conspiracy or harassment of intimidation. Without the required level of specificity, though, Plaintiff cannot proceed with this action against the Defendants represented by the Attorney

---

[1] Those same Defendants previously filed a separate Motion to Dismiss, (ECF 21), but Plaintiff subsequently filed an Amended Complaint. (ECF 29). Accordingly, it is the recommendation of the undersigned that the first Motion to Dismiss, (ECF 21), be denied as moot.

General. Because the undersigned cannot discern any action as being directly tied to any one Defendant, Plaintiff's claims are not fairly traceable as required to maintain standing. *Bennett v. Spears*, 520 U.S. 154, 169 (1997).

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss, (ECF 32), filed by the Attorney General be GRANTED and all Defendants except James Judd, Julie Evans, Tiffani Carlile, and Lyndon Lane be dismissed from this action.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 28, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).