IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO J. CASTANEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-021-Z-BR |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS UNSERVED DEFENDANT

Plaintiff Francisco J. Castaneda ("Plaintiff") brings this civil rights action against several Defendants whom he claims violated his constitutional rights at the Clements Unit of the Texas Department of Criminal Justice. (ECF 1-1). Plaintiff initially filed his complaint in early 2022. (ECF 1). As of today, Plaintiff has failed to effect service on Defendant Lyndon or show cause why Defendant Lyndon should not be dismissed.

On August 30, 2023, the Court entered an Order to Issue Process and Effect Service on Defendants. (ECF 52). By that Order, the United States Marshal's Service attempted to serve Defendant Lyndon at his last known address. (*Id.*) On September 1, 2023, summons was returned unexecuted as to Defendant Lyndon. (ECF 55). As a result, on September 5, 2023, the undersigned entered an Order directing Plaintiff to either (1) provide an address for service upon Defendant Lyndon, (2) indicate his intent to effect service himself, or (3) show cause why the claims against Defendant Lyndon should not be dismissed without prejudice under Federal of Civil Procedure 41(b). (ECF 56).

On September 21, 2023, Plaintiff requested an extension of time to effect service on Defendant Lyndon or show cause why the claims against Defendant Lyndon should not be

dismissed, which the Court granted. (ECF 58; ECF 59). For the second time, on October 12, 2023, Plaintiff requested an extension of time to effect service on Defendant Lyndon or show cause as to why Defendant Lyndon should not be dismissed, which the Court granted. (ECF 61; ECF 62).

Based on the foregoing, Plaintiff has been given ample time to effect service on Defendant Lyndon, provide an address for service, or show cause why Defendant Lyndon should not be dismissed. Unfortunately, Plaintiff has not effected service, provided a new address for service, or shown cause as to why Defendant Lyndon should not be dismissed. For the following reasons, Plaintiff's claims against Defendant Lane Lyndon should be dismissed from this action.

It is appropriate to dismiss a Defendant from a case when Plaintiff has failed to effectuate service within 120 days of filing the Complaint. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). To date, Plaintiff still has not served Lane Lyndon, despite the Court not only allowing the USMS to serve Defendant Lyndon on his behalf at Defendant Lyndon's last known address, but also giving Plaintiff a chance to locate Defendant Lyndon himself. Therefore, Defendant Lane Lyndon should be dismissed from this action.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendant Lane Lyndon be dismissed from this action, without prejudice, for failure to effect service.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 7, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).